UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL FULLER #194777,

    Plaintiff,                               Hon. Robert J. Jonker

v.                                               Case No. 1:21-cv-938

UNITED STATES OF AMERICA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss. (ECF No. 13). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this action terminated.

## BACKGROUND

Plaintiff[1] initiated this action against the United States alleging negligence and dereliction of duty by employees of the Department of Veterans Affairs in connection to a request by Plaintiff to apportion his VA benefits to someone else. In his complaint, Plaintiff alleges the following.

---

[1] Plaintiff is presently incarcerated with the Michigan Department of Corrections. *See* MDOC Offender Tracking Information System, available at https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=194777 (last visited Apr. 6, 2022). Plaintiff was incarcerated in 1988, and is serving a life sentence, following conviction on two counts of first-degree murder. (*Id.*).

1

On November 5, 2005, Plaintiff wrote a letter to the "Veterans Administration" (VA)[2] "requesting information about [an] apportionment claim."[3] Specifically, Plaintiff requested information "on the apportionment of benefits to a spouse or family member, i.e. mother, son or daughter." (ECF No. 18-2, PageID.124). The "VA" failed to respond to Plaintiff's inquiry.

On February 11, 2008, Plaintiff "sent another letter to the VA" requesting information about how to apportion his benefits to Angel Smith Fuller (hereinafter "Angel") who Plaintiff planned to marry.[4] In November 2008, Plaintiff and/or Angel received "a 21-686c form."[5] Plaintiff "assumed" this was the appropriate form to request an apportionment. Plaintiff and Angel were married on December 1, 2008. (ECF No. 14-1, PageID.68). On or about December 17, 2008, Angel completed the form and returned it to the VA. Plaintiff also included on the form the following statement: "I, the veteran, Michael N. Fuller, allot all my VA benefits to my wife Angel Janet Smith Fuller, including my disability benefits."

---

[2] Plaintiff has submitted a copy of this letter, which reveals that it was not sent to the VA, but rather to the Disabled American Veterans (DAV) organization. (ECF No. 18-2, PageID.124). The DAV is a private "nonprofit charity." See About DAV, available at https://www.dav.org/learn-more/about-dav/ (last visited Apr. 6, 2022).

[3] Apportionment is the process by which a veteran seeks to have "all or part" of his VA benefits paid to a spouse or family member. See 38 C.F.R. § 3.450.

[4] This letter was directed to the VA. (ECF No. 18-3, PageID.126).

[5] This form is used "to submit a claim for additional benefits for a dependent, or to request to remove a dependent from your benefits." See About VA Form 21-686c, available at https://www.va.gov/find-forms/about-form-21-686c/ (last visited on Apr. 6, 2022).

2

On May 6, 2009, the VA informed Plaintiff that it was unable to process his request "because he did not sign the form." On May 12, 2009, Plaintiff "completed the 686c form as requested by the VA and sent it to them." Over the course of the next several years, Plaintiff and his wife continued to communicate with the VA in an attempt to obtain an apportionment of Plaintiff's VA benefits. On May 16, 2014, Plaintiff was notified by the VA that his apportionment request was approved. But the beginning date for the apportionment was December 2012, rather than December 2008.

Plaintiff alleges that his apportionment request was not properly processed or adjudicated. Plaintiff alleges that this was the result of negligence and dereliction of duty by the Veterans Administration. Plaintiff requests more than one million dollars in damages. Defendant, United States of America, now moves to dismiss Plaintiff's claims. Plaintiff has responded to the motion.

## ANALYSIS

### I.   Subject Matter Jurisdiction

A fundamental question presented by every action in federal court is whether the court has jurisdiction to hear that case. *See Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986). The jurisdiction of the federal district courts is limited only to matters expressly authorized by the Constitution or other federal law. *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). It is presumed that "a claim lies outside of this limited jurisdiction, and the burden of establishing the contrary

3

rests upon the party asserting jurisdiction." *Ibid*. Defendants move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). To survive a Rule 12(b)(1) challenge, Plaintiff must establish that the Court has subject matter jurisdiction over his claims. *See, e.g., Global Technology, Inc. v. Yubei (XinXiang) Power Steering System Co., Ltd.*, 807 F.3d 806, 810 (6th Cir. 2015).

To sufficiently allege jurisdiction, Plaintiff's complaint must contain "facts which, if true, establish that the district court ha[s] jurisdiction over the dispute." *Carrier Corp. v. Outkumpu Oyj,* 673 F.3d 430, 440 (6th Cir.2012). Because Defendant is challenging the sufficiency of Plaintiff's allegations, rather than the accuracy of such, the allegations in Plaintiff's complaint "must be taken as true" and assessed to determine whether such demonstrate that jurisdiction is proper in this Court. *See Carrier Corp.*, 673 F.3d at 440 (distinguishing between facial and factual challenges to a court's subject matter jurisdiction).

The United States enjoys sovereign immunity and, accordingly, cannot be sued without its consent. *See Copen v. United States*, 3 F.4th 875, 879 (6th Cir. 2021). While Congress has the authority to waive this immunity, any such waiver must be "clear, express, and unambiguous." *See Taylor v. Geithner*, 703 F.3d 328, 333 (6th Cir. 2013). Moreover, any waiver of Defendant's sovereign immunity must be construed "narrowly" and any ambiguities must be resolved "in favor of immunity." *Hohman v. Eadie*, 894 F.3d 776, 784 (6th Cir. 2018).

4

The Administrative Procedures Act (APA), subject to certain exceptions, constitutes a limited waiver of sovereign immunity. *See Milligan v. United States*, 670 F.3d 686, 692 (6th Cir. 2012). Two of the exceptions to the APA's waiver of sovereign immunity are relevant to the present action. First, if a statute precludes judicial review of a particular claim, the APA's waiver of sovereign immunity is inapplicable to such claim. *See, e.g., Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997). Second, this Court has the authority to review a final decision by a governmental agency only if "there is no other adequate remedy in a court." *Ibid.* Accordingly, the APA does not waive sovereign immunity "if an alternate adequate remedy is available to review a final agency action." *Rimmer v. Holder*, 700 F.3d 246, 261 (6th Cir. 2012).

The Veterans Judicial Review Act (VJRA) establishes a "multi-tiered framework for the adjudication of claims regarding veterans benefits." *Beamon*, 125 F.3d at 967. Under the VJRA, the Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision. . .that affects the provision of benefits by the Secretary to veterans." *Anestis v. United States*, 749 F.3d 520, 524-25 (6th Cir. 2014) (quoting 38 U.S.C. § 511). Final decisions by the Secretary may be appealed to the Board of Veterans' Appeals." *Diggs v. United States Department of Air Force*, 2021 WL 1015842 at *2 (M.D. Tenn., Feb. 23, 2021) (quoting 38 U.S.C. § 7104(a)).

The decision of the Board of Veterans' Appeals may be appealed to the Court of Appeals for Veterans Claims, which enjoys "exclusive jurisdiction to review decisions of the Board of Veterans' Appeals." *Diggs*, 2021 WL 1015842 at *2 (quoting 38 U.S.C. § 7252(a)). To the extent that the decisions of the Court of Appeals for Veterans Claims

5

are reviewable, the United States Court of Appeals for the Federal Circuit has "exclusive jurisdiction."  *Diggs*, 2021 WL 1015842 at *2 (quoting 38 U.S.C. § 7292(a)).

Thus, this Court lacks jurisdiction to resolve claims involving "provision of benefits" if such claims require the Court to "second-guess the VA."  *Waksmundski v. Williams*, 727 Fed. Appx. 818, 820 (6th Cir., Mar. 7, 2018).  A "benefit" is defined as "any payment, service, commodity, function, or status, entitlement to which is determined by the VA."  *Ibid.*  The essence of Plaintiff's claim is that the VA did not properly adjudicate his request to apportion his VA benefits to his then-wife.  The Court fails to discern how Plaintiff's claim does *not* involve payment, service, or status with respect to his benefits.  Moreover, Plaintiff's claim certainly calls on the Court to second-guess the VA's decision regarding his apportionment request.

Plaintiff attempts to evade this straightforward application of controlling authority by labeling his claims as ones for negligence unrelated to the VA's decisions in this matter.  The Court is not persuaded.  Plaintiff's claims are premised on the VA's alleged failure to correctly determine the date on which his apportionment became effective and the detrimental effect such had on him and his family.  Whether styled as negligence or something else, to grant Plaintiff relief absolutely requires the Court to "second-guess" the VA.  Accordingly, this argument is rejected. *See, e.g., Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996) (when assessing whether a lawsuit seeks a court to second-guess a VA benefits decision, the court must "examine the substance of [the] allegations, rather than the plaintiff's labels, to determine their true nature"); *Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000) (same).  Accordingly, having

determined that this Court lacks jurisdiction over Plaintiff's claims, the undersigned recommends that Defendant's motion to dismiss be granted.[6]

## II. Statute of Limitations

Furthermore, even if the Court did have jurisdiction to hear Plaintiff's claims, such are barred by the statute of limitations.

Federal law provides that a tort claim against the United States "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." *Hertz v. United States*, 560 F.3d 616, 618 (6th Cir. 2009) (quoting 28 U.S.C. § 2401(b)). Tort claims against the United States accrue "at the time of the plaintiff's injury." *Hertz*, 560 F.3d at 618 (quoting *United States v. Kubrick*, 444 U.S. 111, 120 (1979)).

As noted, Plaintiff claims that the VA incorrectly determined the date on which his requested apportionment became effective. Plaintiff had knowledge of this purported error no later than May 16, 2014, the date Plaintiff received the VA's decision regarding this matter. Plaintiff waited, however, more than five years to pursue the matter with the VA. (ECF No. 14-2, PageID.79-101). Thus, Plaintiff's present claims are barred by the statute of limitations. Moreover, there is no evidence that Plaintiff was prevented, due to circumstances beyond his control, from timely pursuing his claims. Thus, Plaintiff has failed to demonstrate entitlement to equitable tolling of the

---

[6] To the extent Plaintiff's complaint is interpreted as asserting claims on behalf of his former wife or his former wife's son, the undersigned recommends that such be dismissed as Plaintiff lacks standing to pursue such claims. *See Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004).

limitations period. *See, e.g., Jackson v. United States*, 751 F.3d 712, 718 (6th Cir. 2014) (equitable tolling is appropriate where "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control"). Accordingly, the undersigned recommends, in the alternative, that Plaintiff's claims be dismissed as untimely filed.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Defendant's Motion to Dismiss (ECF No. 13) be granted and this action terminated. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: April 7, 2022 /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

8